[No. 19484.    Department Two.    October 2, 1925.]

THE STATE OF WASHINGTON, *on the Relation of Chris Lacos et al., Plaintiffs* v. C. R. MAYBURY, *as Director of Fisheries and Game, Respondent.*[1]

FISH (1)—LICENSE—RIGHTS OF ALIENS—STATUTES — CONSTRUCTION. Although an alien declared his intention to become a citizen of the United States prior to January 1, 1924, he is not entitled to fish in state waters, under Rem. 1923 Sup., § 5711, which makes it unlawful for any person to fish unless such person prior to January 1, 1924, be a citizen of the United States, or has declared his intention to become such ".   .   .   and after January 1, 1924, unless such person be a citizen of the United States."

SAME (6)—LICENSE—RIGHT TO FISH—STATUTORY PROVISIONS. The last part of Rem. Comp. Stat., § 5695, providing that licenses to catch salmon shall not be issued after January 1, 1922, to any person who is not a citizen of the United States, clearly indicates the intention to restrict the issuance of licenses to citizens.

Application filed in the supreme court August 19, 1925, for a writ of mandamus to compel the director of fisheries to issue licenses for the taking of fish. Denied.

*Frank S. Griffith* and *George Olson,* for relator.

*The Attorney General* and *E. W. Anderson, Assistant,* for respondent.

ASKREN, J.—This is an action by a number of plaintiffs petitioning for a writ of mandate directed to the director of fisheries of the state of Washington requiring him to grant them the right to take fish from the waters of the state of Washington.

The question brought for the court's consideration is this: May an alien who declared his intention to become a citizen of the United States prior to January 1, 1924, fish in state waters? The statute under which the director is acting is § 5711, Rem. Comp. Stat., as

[1]Reported in 239 Pac. 552.

amended by the Laws of 1923, p. 266. Section 5711 was passed in 1921, and before amendment read as follows:

"It shall be unlawful for any person to fish or take for sale or profit any salmon or other food or shell-fish in any of the rivers or waters of this state or over which it has concurrent jurisdiction in civil and criminal cases, unless such person be a citizen of the United States or has declared his intention to become such . . ."

It will be seen by this section that the right to take fish was restricted to citizens of the United States, or those who had declared their intention to become such. In 1923 the section was amended to read as follows:

"It shall be unlawful for any person to fish or take for sale or profit any salmon or other food or shell-fish in any of the rivers or waters of this state or over which it has concurrent jurisdiction in civil and criminal cases, unless such person prior to January 1, 1924, be a citizen of the United States or has declared his intention to become such and is and has been, for twelve months immediately prior to the time he engages in such business, a resident of this state or an adjoining state, and from and after January 1, 1924, unless such person be a citizen of the United States." [Rem. 1923 Sup., § 5711.]

It is the contention of petitioners that the legislature intended to place a time limit within which all aliens who desired to fish should file their declarations, and that the proper construction to be placed upon this statute is that, on and after January 1, 1924, only citizens and those who, prior to January 1, 1924, had declared their intention to become such are permitted to fish. But we think the statute is not susceptible of this construction. If the first part of the statute stood alone and read:

"It shall be unlawful for any person to fish or take for sale or profit any salmon or other food or shell-fish in any of the rivers or waters of this state or over

which it has concurrent jurisdiction in civil and criminal cases, unless such person prior to January 1, 1924, be a citizen of the United States or has declared his intention to become such and is and has been, for twelve months immediately prior to the time he engages in such business, a resident of this state or an adjoining state,''

it might be argued that this was the intention of the legislature; but the words which immediately follow, ''and from and after January 1, 1924, unless such person be a citizen of the United States,'' conclusively negative any such idea upon the part of the legislature. The meaning becomes apparent by stripping the statute of those words not necessarily involved here. It would then read as follows:

''It shall be unlawful for any person to fish . . . unless such person prior to January 1, 1924, be a citizen of the United States or has declared his intention to become such, . . . and from and after January 1, 1924, unless such person be a citizen of the United States.''

The construction insisted upon by petitioners would render nugatory that portion which says, ''and from and after January 1, 1924, unless such person be a citizen.''

Petitioners argue that, since the law was passed in 1923 and the prohibition went into effect on January 1, 1924, there were many declarants who could not complete their citizenship by that date, and thereby became automatically barred if the construction insisted upon by the director is upheld. Whether it was the intention of the legislature to allow declarants time to take out final papers, to allow those who had made arrangements for the fishing season of 1923 to pursue that occupation unmolested during the year, to allow sufficient time within which fishermen might dispose of

their fishing appliances, or to find a different avocation, we do not know, but the fact remains that the legislature decided to give several months of grace. That the legislature had the right to restrict fishing in state waters to citizens of the United States is not to be doubted under our previous decisions. See *McMillan v. Sims*, 132 Wash. 265, 231 Pac. 943, and cases there cited.

Petitioners call attention to a seeming conflict between §§ 5711 and 5695, Rem. Comp. Stat. (Laws of 1921, p. 710, § 43), which provides for the issuance of licenses as follows:

"No license for taking or catching salmon or other food or shell-fish required by this act shall be issued to any person who is not a citizen of the United States of the age of eighteen years or over, unless such person has declared his intention to become a citizen, . . ."

It is said, that since this section was not changed when § 5711 was enacted, there is a conflict. It must be remembered, however, that § 5695 has to do with the issuing of licenses, while § 5711 has to do with the taking of fish. There are two classes of persons interested in this legislation: Those who fish on their own account and require a license, and those who, being merely employed by others, do not need one. The petitioners come under the latter class. But if there be any seeming conflict between the provisions of the two sections, the intention of the legislature is shown by the latter part of § 5695, which is as follows: ". . . and on and after January 1, 1922, no license for the taking or catching of salmon or other food or shell-fish required by this act, shall be issued to any person who is not a citizen of the United States, . . ." indicating clearly the intention of the legislature in 1921 to restrict the issuing of licenses to citizens.

It follows that the writ must be denied. It is so ordered.

TOLMAN, C. J., MACKINTOSH, MAIN, and MITCHELL, JJ., concur.